# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4739 | **DATE** | 8/16/2011 |
| **CASE TITLE** | Howell vs. U.S. Navy | | |

**DOCKET ENTRY TEXT**

Plaintiff's request to file his complaint *in forma pauperis* [1] is denied without prejudice. His complaint is dismissed without prejudice to Plaintiff seeking relief in a military court or filing an amended complaint in this Court within 28 days, provided that the amended complaint lies within this Court's jurisdiction (see discussion below). The Clerk is directed to send Plaintiff a blank IFP application.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

Plaintiff, Shamarr Howell, a detainee at the Faulkner County Detention Center in Arkansas, initiated this suit in Arkansas. The district court in the Eastern District of Arkansas transferred the case to this Court. [See 3.] The complaint names as Defendants the United States Navy and several Navy officers and/or enlisted men and involves events that occurred while Plaintiff was at the naval base in Great Lakes, Illinois. As best as can be determined from the complaint, Plaintiff alleges the following. He had surgery to his hip and required medical attention and crutches. He was denied medical attention, the use of crutches, and the ability to attend religious services. He was accused of being gay when one of the Defendants discovered pictures on his cell phone, which may be related to the denial of medical attention and crutches. Sometime later, he was discharged. He seeks monetary damages for pain and suffering, for medical expenses, and for humiliation. He also seeks that the Defendants be reprimanded and that he receive a formal apology.

"The military constitutes a specialized community governed by a separate discipline from that of the civilian." *Orloff v. Willoughby*, 345 U.S. 83, 93 (1953). Although some constitutional claims against the military are allowed in a civilian court, suits for damages are precluded. *Knutson v. Wisconsin Air Nat. Guard*, 995 F.2d 765, 769-71 (7th Cir. 1993) (holding that military personnel cannot maintain 42 U.S.C. § 1983 suits for damages in a civilian court); see also *Chappell v. Wallace*, 462 U.S. 296, 305 (1983) (holding that, generally, actions under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), cannot be brought in a civilian court). Although Plaintiff states that he wants the responsible officers reprimanded and an official apology, Plaintiff's complaint invokes Section 1983 and plainly seeks damages, which cannot be addressed by this Court. *Knutson*, 995 F.2d at 770-71. Accordingly, the instant complaint must be dismissed. The dismissal is without prejudice to Plaintiff seeking relief in the appropriate military forum or submitting an amended complaint in this Court within 28 days, provided that the amended complaint lies within this Court's jurisdiction. This Court's dismissal in no way comments on the merits of Plaintiff's claims.

Also, Howell's *in forma pauperis* ("IFP") application is not on this Court's form and does not include

| STATEMENT |
|---|
| a copy of his trust fund account statement. 28 U.S.C. § 1915(a)(2) (an IFP application by an incarcerated person must include "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint"). If Plaintiff seeks to file an amended complaint in this Court, he must also either submit a new IFP application with a copy of trust account statement or seek to supplement his previously filed application with a copy of the statement. If Plaintiff does not file an amended complaint and resolve the filing fee issue noted above within 28 days, the Court will assume that he does not wish to proceed with this suit in this Court, in which case the complaint will remain dismissed without prejudice and the case will be closed. |